14-812-cv
*Lebowitz v. City of NY*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand fifteen.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CLAIRE LEBOWITZ, ET AL.,
> *Plaintiffs-Appellants,*

-v.-                                                      No. 14-812-cv

CITY OF NEW YORK, ET AL.,
> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFFS-APPELLANTS:**        PAUL L. MILLS, Law Office of Paul L. Mills, New York, New York.

**FOR DEFENDANTS-APPELLEES:**        FAY S. NG, Assistant Corporation Counsel (Pamela Seider Dolgow *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a February 25, 2014 judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 25, 2014 judgment of the District Court is **AFFIRMED**.

Plaintiffs Claire Lebowitz and Keegan Stephan appeal an order of the District Court entering summary judgment on behalf of Defendants City of New York, NYPD Patrol Officer Adrianne Edwards, and NYPD Officer Does 1-10 (collectively, the "City"). Lebowitz and Stephan were Occupy Wall Street protestors who were arrested for trespass in Zuccotti Park on January 10, 2012. They contend that the City violated the First, Fourth, Sixth, and Fourteenth Amendments of the Constitution during their arrest and subsequent detainment. Plaintiffs also argue that the District Court abused its discretion in denying their request for leave to file an amended complaint. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

For the following reasons, we affirm the judgment of the District Court.

## I. First Amendment Claim

We agree with the plaintiffs that their act of lying down in Zuccotti Park under the circumstances presented likely demonstrated "'[a]n intent to convey a particularized message . . . and [ ] the likelihood was great that the message would be understood by those who viewed it,'" such that they engaged in protected expressive conduct. *Texas v. Johnson*, 491 U.S. 397, 404 (1989) (first alteration in original) (quoting *Spence v. Washington*, 418 U.S. 405, 410-11 (1974) (per curiam)). "We may affirm, however, on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). The plaintiffs do not challenge the constitutionality of the park rules as reasonable, content-neutral, time, place, and manner restrictions. *See Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989). They argue only that the arresting officers lacked the authority to arrest them pursuant to those rules, because the plaintiffs had not violated them. As we explain below, however, the police officers had probable cause to arrest the plaintiffs for violating park rules. The officers thus acted within their authority. No First Amendment violation therefore occurred.

## II. Fourth Amendment Claim

The District Court correctly concluded that the security guard's statements to the arresting officers provided the officers with probable cause to believe that the plaintiffs were guilty of trespass. *See Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause."). "When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity," *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (citation omitted), and the plaintiffs point to no such circumstances here.

## III. Sixth Amendment Claim

The District Court also correctly concluded that the plaintiffs' Sixth Amendment rights were not violated. The plaintiffs do not dispute that they were able to contact their attorneys prior to arraignment and they were represented at arraignment. The plaintiffs therefore cannot

2

"demonstrate interference in their relationships with counsel [or] impairment of their ability to mount a defense." *United States v. Stein*, 541 F.3d 130, 157 (2d Cir. 2008).

## IV. Unlawful pre-arraignment delay claim

"[T]he Fourth Amendment provides the proper analytical framework" for claims related to police activities that allegedly "prolonged [arrestees'] postarrest detention[s]." *Bryant v. City of New York*, 404 F.3d 128, 136 (2d Cir. 2005). Because the plaintiffs were arraigned within 48 hours, any pre-arraignment delay the plaintiffs experienced was presumptively reasonable. *See id.* at 137-38. The plaintiffs failed to rebut this presumption: The plaintiffs have not shown that their arraignments were delayed by "ill will," "delay for delay's sake," officers' attempts to gather more evidence against them, *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991), or any other "extraordinary circumstances," *Bryant*, 404 F.3d at 138.

## V. Municipal Liability

Because we affirm the District Court's award of summary judgment to the defendants on the plaintiffs' underlying claims of constitutional violations, their claims for municipal liability arising under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), are without merit. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

## VI. Motion for Leave to Amend

The District Court did not abuse its discretion in denying the plaintiffs' motion for leave to amend, because the motion would have been futile. *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). The plaintiffs concede that they were not subjected to completed iris scans under the NYPD's iris-scan program. Indeed, even assuming *arguendo* that the program generally or in some circumstances effects an unreasonable search in violation of the Fourth Amendment, neither plaintiff was subjected to an actual (as opposed to attempted) search. *See United States v. Haqq*, 278 F.3d 44, 47 (2d Cir. 2002) ("[A] defendant's Fourth Amendment rights are violated only when the challenged conduct invaded *his* legitimate expectation of privacy rather than that of a third party." (emphasis in original) (internal quotation marks omitted)).

## <u>CONCLUSION</u>

We have considered plaintiffs' remaining arguments and find them without merit. Accordingly, we **AFFIRM** the February 25, 2014 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3